FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MAR 21 2012

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

LOUIS D. CRAFT, JR., )
 )
         Plaintiff, )
 )
v. ) No. CIV 10-376-RAW-SPS
 )
KATHY MILLER, )
 )
         Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration the plaintiff's complaint, the defendant's motion, plaintiff's response, and a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, brings this action *pro se* under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The defendant is Kathy Miller, DCF Chief Medical Officer

Plaintiff alleges he was left untreated with an injury for 26 days. On March 11, 2010, he allegedly submitted a medical request form concerning his back pain and a rash that was beginning to develop on his back. He claims he submitted three to four additional medical requests during the month of March 2010, but received no response. His symptoms worsened, so he wrote to Internal Affairs. Johnny Blevins responded on April 1, 2010, and plaintiff received medical assistance on April 6, 2010. Although the rash went away, he claims a large scar formed because of medical neglect.

The defendant alleges plaintiff has failed to exhaust the administrative remedies for his claims. Plaintiff asserts in his complaint that the grievance process was denied to him,

because he was placed on a 12-month grievance restriction on May 6, 2010.[1]

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If that is unsuccessful, he may submit a Request to Staff (RTS). If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken.

The defendants assert the contract between DOC and CCA/DCF requires DCF to maintain a grievance policy through which the inmates can address issues pertaining to their confinement at DCF that are not necessarily applicable to the DOC, such as inmate property or staff issues. CCA/DCF Grievance Policy 14-5 also requires an inmate first to attempt resolution of an issue through informal procedures before filing a formal grievance.

The defendant agrees that plaintiff was placed on grievance restriction in May 2010,

---

[1] The actual effective date of his 12-month grievance restriction was May 11, 2010. [Docket No. 15-7 at 12].

2

but the restriction was imposed after plaintiff alleges he received medical treatment in April 2010. Nonetheless, being on grievance restriction would not have prevented plaintiff from exhausting his administrative remedies. Instead, it set forth additional steps that were required:

> 1. The inmate/offender will submit a duly verified affidavit, made under penalty of discipline for lying to staff, attached to the grievance stating that all the contents of the grievance are true and correct to the best of the inmate's/offender's knowledge and belief. The affidavit will also contain a list by grievance number, date, description, and disposition at each level, of all grievances previously submitted by the inmate/offender within the last twelve (12) months.
>
> 2. In each case, before considering the merits of the grievance, the reviewing authority will determine whether the inmate/offender has complied with the requirements for being permitted to submit a grievance.
>
> 3. If not, the grievance will be returned for correction and written reasons for such action provided to the inmate/offender.
>
> 4. The grievance may proceed when the inmate/offender meets the guidelines outlined in this section.

[Docket No. 15-4 at 6].

The record shows plaintiff completed two grievances before being placed on grievance restriction. He filed Grievance No. 10-123 on March 25, 2010, complaining of a bleeding rash on his back. The grievance was returned unanswered, because he had failed to attempt an informal resolution. He was instructed to complete and send a Sick Call Slip to Medical. He further was advised to submit a proper Request to Staff to the unit clerk, so she could log the form, forward it to the appropriate staff member, and provide a record if there was no response received within the appropriate time. Plaintiff did not correct and resubmit this grievance or file an appeal. [Docket No. 15-7 at 2-3].

Grievance No. 10-164, filed on April 27, 2010, complained he was being neglected by medical staff and asked for compensation. This grievance also was returned unanswered for failure to attempt informal resolution. He again was instructed on how to attempt to resolve the issue informally and how to file a proper grievance. He did not correct and

3

resubmit this grievance or file an appeal. [Docket No. 15-7 at 4-6].

On June 8, 2010, plaintiff filed Grievance No. 10-235, complaining about the Health Service Administrator's failure to respond to his Request to Staff. The grievance was returned unanswered, because plaintiff was on grievance restriction and this grievance did not comply with the grievance restriction filing requirements. [Docket No. 15-7 at 7-11].

Finally, he filed Grievance No. 10-245 on June 15, 2010, again complaining that the Health Service Administrator had not answered his Request to Staff. He did attach some of the required material for filing a grievance while on restriction, but he failed to attempt informal resolution of the issue. He was advised to complete and send a Sick Call Slip to Medical and that Requests to Staff should be placed in the facility mail, so the unit clerk could log and route them to the appropriate staff member. Plaintiff did not correct and resubmit or appeal this decision. [Docket No. 15-7 at 13-16].

After careful review of the record, the court finds plaintiff has failed to exhaust the administrative remedies for his claims, as required by 42 U.S.C. § 1997e(a).

**ACCORDINGLY,** the defendant's motion to dismiss [Docket No. 16] is GRANTED, and all other pending motions are DENIED as moot.

IT IS SO ORDERED this 21st day of March 2012.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE